**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**UNITED STATES OF AMERICA**

VS.                                                                                        **CASE NO: 8:14-CR-208-T-30EAJ**

**AYMAN AL-BATAINEH**

_____/

**ORDER**

Defendant Al-Bataineh was initially arrested on a criminal complaint in the Ocala Division for drug related offenses in the Ocala area. (Doc. 1).  At his initial appearance, Defendant, through his court appointed counsel, did not oppose the Government's request for detention, but requested that the court consider the issue of bond at a later date, if appropriate.  Defendant obtained new counsel and subsequently moved for a hearing on the issue of bond.  At that hearing, which was held on May 7, 2014 in Ocala, the Government did not oppose the Defendant's request for a bond set at $50,000 and secured with a 10% deposit, along with additional conditions.  That bond was set (Doc. 29) and conditions of release imposed (Doc. 30).

On May 22, 2014, an indictment was returned in the Tampa Division against Defendant Al-Bataineh and his co-defendant for what appears to be the offense charged in the criminal complaint – a violation of 21 U.S.C. §§ 846 and 841(b)(1)(c).  As noted by the Court in its Order of June 11, 2014, this offense would create a presumption of detention under 18 U.S.C. § 3142. (Doc. 54).

Subsequently, the Government filed a motion for the revocation of the Defendant's bond, which was supported by a Special Agent's affidavit that the Defendant approached and met with a confidential source for assistance to flee to Mexico and then Jordan. (Doc. 46).  The Magistrate

Judge now assigned to this case in Tampa issued the requested arrest warrant and the Defendant was arrested the next day in Ocala. As a result of his arrest in Ocala, he was brought before me.

At his appearance on the arrest, the Government sought the Defendant's detention and argued that his bond should be revoked because he was attempting to flee (which the Government argued would be a violation of law in violation of his bond), that he either had or was attempting to obtain travel documents in violation of his bond, and that he was associating with a convicted felon (the confidential source) in violation of his bond. In response, the Defendant (who was represented by new counsel, see Doc. 42), sought a continuance to review the evidence, which included tape recorded conversations between the Defendant and the confidential source. Because 18 U.S.C. § 3148(b) provides that a defendant on bond who is charged with violating the condition of release that he not commit an offense should appear, when practicable, before the judicial officer who ordered the release, I continued the hearing to be held before me.

At that hearing, held on June 10, 2014, the Government presented evidence, through the testimony of a Special Agent. The evidence revealed that after his initial bond hearing, the Defendant met with a confidential source on more than one occasion in an effort to secure his departure from the United States. The Defendant had an opportunity to confront and examine the Special Agent and also present his own evidence and argument. While a violation of bond under 18 U.S.C. § 3148 was not apparent (as neither 18 U.S.C. § 3146 or § 1073 contain an attempt offense), based on the argument and evidence presented, there was clear and convincing evidence that the Defendant met with an individual to plan his departure from the United States and flight from prosecution.

The Court construed the Government's motion to revoke the Defendant's bond as a motion to reopen the bond hearing under 18 U.S.C. § 3142(f). In light of the unrebutted evidence

presented by the Government, the Court ordered Defendant's bond revoked, and that he be remanded to the custody of the U.S. Marshals pending resolution of his case. (Doc. 54). The Defendant now asks the Court for reconsideration of the order of detention of June 11, 2014, and to reopen the detention hearing. (Doc. 69). Defendant, however, offers no new evidence or arguments for doing so.

Under 18 U.S.C. § 3142(f), the detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Defendants arguments for reconsideration are similar to (or the same as) those arguments already raised and addressed at the prior hearing.

Defendant argues that he and his counsel were not adequately prepared for the hearing on June 10, 2014. Defendant fails to acknowledge that, following his arrest, the Government sought to revoke Defendant's bond at a hearing before the undersigned on June 6, 2014. As explained above, on Defendant's motion, the Court granted a continuance of the revocation hearing, and rescheduled the hearing for June 10, 2014 to give Defendant and his counsel adequate time to prepare. (Doc. 49). Consequently, Defendant's argument that he lacked opportunity to prepare for the revocation hearing is unpersuasive.

Defendant also argues that "the Court should consider the full picture that shows that Mr. Al-Bataineh was all talk and no action" with regard to his communications with the confidential source. (Doc. 69, p. 5). For example, Defendant points out that he failed to cut off his ankle monitor as directed by the confidential source, and has a wife who is a U.S. citizen whom he would not leave behind. Defendant contends that the evidence shows that he renounced his attempt to

flee, and that this topic was not fully developed at the hearing. To the contrary, however, this evidence was presented at the hearing and was specifically addressed in the Court's Order of June 11, 2014. (Doc. 54). As the Court specifically noted, "[w]hile the Defendant did not cut off his ankle monitor on the date apparently agreed upon with the confidential source (June 4, 2014), the evidence that the Defendant sought out and met with the confidential source to make plans to flee the United States was not rebutted." (Doc. 54). Notably, in his instant motion, Defendant concedes that he met with the confidential source on May 29, 2014, and discussed plans to flee via Mexico with the assistance of the confidential source, although he argues he later renounced the plan.

Thus, nothing has been offered in the nature of new evidence that would cause the Court to reopen the hearing or change the outcome. The Court cannot say that the Defendant has rebutted the presumption of detention or, more importantly with respect to this pending motion, established any basis to reopen the revocation hearing.

Accordingly, for the reasons stated on record at the revocation hearing (which are adopted and incorporated herein), as well in the Court's prior Order (Doc. 54), and for the reasons stated here, the Defendant's motion (Doc. 69) is **DENIED**.

**IT IS SO ORDERED** in Ocala, Florida, on July 1, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

4